IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:23-CV-52-FL

| TAMMY GALLOP SHARP, | ) |
| :--- | :--- |
| Plaintiff, | ) |
| v. | ) ORDER |
| CITY OF ELIZABETH CITY c/o Montre Freeman, City Manager, | ) |
| Defendant. | ) |

This matter is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and alternative motion to strike (DE 15), and plaintiffs' motions for entry of default and to dismiss defendant's answer (DE 17, 19). Defendant's motion has been briefed fully and the issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted and plaintiff's motions are denied.

**STATEMENT OF THE CASE**

Plaintiff commenced this action pro se against defendant, her former employer, September 11, 2023, asserting that defendant violated her rights under Article I, Section I, of the North Carolina Constitution and that defendant violated its own employment policies, by denying plaintiff promotions, title changes, and raises while she was employed with defendant. Plaintiff seeks back pay, benefits, damages for pain and suffering, and "attorney fees." (DE 1 at 3).

Plaintiff filed with her complaint email correspondence between an attorney and defendant, on behalf of plaintiff, captioned "Sharpe [sic] v. Elizabeth City et. al. *** Time-Sensitive

Settlement Demand For Elizabeth City's Total Insurance Policy Limits *** Expires 8.25.23 at 9:00 AM" (DE 1-1 at 1-4) (hereinafter, the "settlement demand"), along with additional personnel forms and policies of defendant.

Defendant filed an answer in addition to the instant motion October 5, 2023, seeking dismissal of plaintiff's complaint for lack of subject matter jurisdiction, and in the alternative moving to strike plaintiff's settlement demand. Plaintiff thereafter filed the instant motion for default, relying upon her own affidavit, as well as the instant motion to dismiss defendant's answer, relying upon documents pertaining to service of the complaint. Plaintiff also responded in opposition to defendant's motion, relying upon an amended affidavit and personnel forms and policies of defendant, and she filed additional certificates and affidavits of service.

## STATEMENT OF FACTS

The allegations in plaintiff's complaint may be summarized as follows. Plaintiff is a resident of Elizabeth City, North Carolina, and a former employee of defendant. Plaintiff alleges that defendant denied her "promotions, title changes and raises for over seven years with no explanation given[.]" (Compl. (DE 1) at 2). According to the complaint, defendant's Personnel Policy Manual 3.0 Merit Principles provides that "[e]ligible employees shall receive merit pay increases based on the quality of their performance, subject to the availability of funds." (Id.).

Plaintiff alleges that this "shows that there was money in the Electric budget for [her] but [defendant] chose to create an illegal position of Project Manager for Randy Lassiter." (Id. at 2-3). This position "was not approved by City Council," and it "also resulted in 'alleged' payroll fraud." (Id. at 3). According to the complaint, defendant's Personnel Policy regarding promotions states that "when the promotional qualification of two (2) or more employees are judged to be equal, the employee with the longest service with the city shall be promoted." (Id.). Plaintiff

2

alleges she has "more years of service than Randy Lassiter." (Id.). Accordingly, plaintiff contends, "[b]y the gross abuse of authority by [defendant] and city managers[,] they have deprived [her of] 'the fruits of [her] labor.'" (Id.).

**COURT'S DISCUSSION**

A. Motion to Dismiss

1. Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).[1] Under this standard, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

---

[1] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

2. Analysis

Defendant argues that the court lacks subject matter jurisdiction over plaintiff's complaint because the complaint establishes a lack of diversity of citizenship and because a federal question does not appear on the face of the complaint. The court agrees.

"The Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008). "[W]hen the inquiry involves the jurisdiction of a federal court,—the presumption in every stage of a cause being that it is without the jurisdiction of a court of the United States, unless the contrary appears from the record." Lehigh Min. & Mfg. Co. v. Kelly, 160 U.S. 327, 337 (1895)

"Furthermore, the complaint must state on its face the grounds for its jurisdiction." Bowman, 388 F.2d at 760. "These rules are applicable to diversity as well as to the 'Federal question' jurisdiction of the District Courts." Id. "The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001).

"Pro se complaints are to be read liberally." White v. White, 886 F.2d 721, 724 (4th Cir. 1989). "However, liberal construction does not require [the court] to attempt to discern the unexpressed intent of the plaintiff, but only to determine the actual meaning of the words used in the complaint." Williams v. Ozmint, 716 F.3d 801, 805 (4th Cir. 2013). Liberal construction also "does not undermine the requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008).

4

Here, diversity jurisdiction is lacking because the parties are all citizens of North Carolina. Bowman, 388 F.2d at 760. Federal question jurisdiction also is lacking because plaintiff has not alleged a violation of federal law. Rather, the complaint asserts that defendant violated plaintiff's "rights under Article I, Section I of the North Carolina Constitution," based upon a deprivation of "the fruits of [plaintiff's] own labor." (Compl. p. 2). Plaintiff also asserts defendant violated its own policies and engaged in a gross abuse of authority. (Id. at 2-3). As such a "federal question" does not "appear[] on the face" of plaintiff's complaint. Columbia Gas Transmission Corp., 237 F.3d at 370. Accordingly, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

In response to the motion to dismiss, plaintiff suggests nonetheless that she wishes to assert a violation of the "Equal Pay Act," and she seeks to rely upon the settlement demand attached to her complaint, which also references the "Equal Pay Act." (Pl's Resp. (DE 22) at 1; DE 1-1 at 2-3). This suggestion is unavailing for two reasons. First, under the "well-pleaded complaint rule," the court is bound "only to determine the actual meaning of the words used in the complaint." Columbia Gas Transmission Corp., 237 F.3d at 370; Williams, 716 F.3d at 805. The court thus does not consider assertions in plaintiff's response or in documents filed with the complaint "to discern the unexpressed intent of the plaintiff." Williams, 716 F.3d at 805.

Second, a settlement demand letter is not part of the "face of a plaintiff's properly pleaded complaint." Columbia Gas Transmission Corp., 237 F.3d at 370. Indeed, statements in a settlement demand cannot be used "to prove the validity of the claim that the compromise offer was meant to settle." Macsherry v. Sparrows Point, LLC, 973 F.3d 212, 224 (4th Cir. 2020) (emphasis in original). Federal Rule of Evidence 408 prohibits use of statements in a settlement demand "either to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid.

5

408(a). The United States Court of Appeals for the Fourth Circuit has "likewise construed Rule 408(b) to exclude purposes inseparable from proving or disproving the validity or amount of the disputed claim." Macsherry, 973 F.3d at 225; see, e.g., Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc., 227 F. App'x 239, 247 (4th Cir. 2007) (affirming striking of two paragraphs from complaint referencing "relating the parties' settlement negotiations").[2] Accordingly, the court cannot consider the settlement demand for purposes of determining whether plaintiff has stated a valid claim raising a federal question.

In sum, plaintiff's complaint must be dismissed because she has not raised a federal question on the face of her complaint. In the event plaintiff seeks to assert a claim raising a federal question, leave to file an amended complaint is required. The court reminds plaintiff that well-pleaded complaint asserting a federal question must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" under federal law. Fed. R. Civ. P. 8(a)(2). A plaintiff must allege "sufficient factual matter" to state a plausible claim for relief under the authority asserted. Ashcroft v. Iqbal, 556 U.S. 662, 678(2009). "[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

B.      Plaintiff's Motions

Where defendant timely filed a motion to dismiss for lack of subject matter jurisdiction, it was not required to file an answer. See Fed. R. Civ. P. 12(b). Therefore, plaintiff's motions for default and to dismiss defendant's answer are denied.

---

[2] Because the court has determined that it lacks subject matter jurisdiction over plaintiff's complaint, the court does not address defendant's alternative motion seeking to strike the settlement demand.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss pursuant to Rule 12(b)(1) (DE 15) is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Plaintiff's motions for default and to dismiss defendant's answer (DE 17, 19) are DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of December, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge