IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:23-CV-52-FL

| | |
|---|---|
| TAMMY GALLOP SHARP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) ORDER |
| CITY OF ELIZABETH CITY c/o Montre Freeman, City Manager, | ) ) ) |
| Defendant. | ) ) |

This matter is before the court on plaintiff's motion to vacate order under Federal Rule of Civil Procedure 60(b) and to amend complaint, (DE 38), following the mandate of the United States Court of Appeals for the Fourth Circuit affirming the court's December 29, 2023, order and judgment dismissing the action for lack of subject matter jurisdiction. Defendant has responded in opposition, and in this posture the issues raised are ripe for ruling.

"[I]f a plaintiff seeks to reopen a case under Rule 60(b) in order to file an amended complaint, she must satisfy one of the Rule 60(b) grounds before a court may consider her motion to amend." Daulatzai v. Maryland, 97 F.4th 166, 178 (4th Cir. 2024). These grounds include 1) "mistake, inadvertence, surprise, or excusable neglect," 2) "newly discovered evidence," 3) "fraud," 4) "the judgment is void," and 5) "the judgment has been satisfied." Fed. R. Civ. P. 60(b). In addition, a plaintiff "must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017).

Here, plaintiff has not demonstrated she meets any of the Rule 60(b) grounds for relief from the court's December 29, 2023, order and judgment. Indeed the Fourth Circuit expressly affirmed the order and noted it found "no reversible error." (DE 36 at 2). Accordingly, that part of plaintiff's motion seeking to amend her complaint "cannot be considered" because there is no basis for vacating the court's judgment under Rule 60(b). Daulatzai, 97 F.4th at 178.

Plaintiff also suggests in her motion that she seeks to vacate under Rule 60(b) this court's March 18, 2024, order dismissing her motion to amend complaint for lack of jurisdiction while the appeal was pending. However, plaintiff likewise fails to demonstrate any Rule 60(b) grounds for relief from that order. Moreover, plaintiff has not demonstrated the threshold conditions of "(1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." Wells Fargo Bank, N.A., 859 F.3d at 299.

## CONCLUSION

Based on the foregoing, plaintiff's motion to vacate and amend (DE 38) is DENIED.

SO ORDERED, this the 10th day of December, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge

2